IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LESLIE SIMEON, for D.M.B. a minor | § | |
| | § | |
| V. | § | A-09-CA-756-LY |
| | § | |
| MICHAEL J. ASTRUE, COMMISSIONER | § | |
| OF THE SOCIAL SECURITY ADMIN. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Plaintiff's Original Complaint seeking reversal of the final decision of

the Social Security Administration (Clerk's Doc. No. 5); Plaintiff's Brief in Opposition to the

Commissioner's Decision (Clerk's Doc. No. 15); and Defendant's Brief in Support of the

Commissioner's Decision (Clerk's Doc. No. 18).  Also before the Court is the Social Security

Record filed in this case (Cited as "Tr."). Plaintiff appeals from the Administrative Law Judge's

determination that D.M.B., a minor child, is not "disabled."  Both parties have consented to have the

undersigned adjudicate the claims.

**I.  GENERAL BACKGROUND**

On December 26, 2006, Leslie Simeon (hereinafter referred to as "Plaintiff" or "Simeon")

filed an application on behalf of minor child D.M.B. for supplemental security income under Title

XVI of the Social Security Act (Tr. 14, 83).  The claim was initially denied by Notice dated April

11, 2007 (Tr. 49), and again by Notice of Reconsideration dated July 17, 2007 (Tr. 58).  Plaintiff

timely filed a request for a hearing by an Administrative Law Judge ("ALJ"), which was held on

June 26, 2008, in Austin, Texas (Tr. 14, 22).  Simeon and D.M.B. both appeared and testified at the

hearing.  Although informed of the right to representation, D.M.B., through Simeon, chose to appear

and testify without the assistance of an attorney or other representative (Tr. 14, 25).[1]  The ALJ issued

---

[1]In this appeal, Plaintiff is represented by Mary Ellen Felps.

an unfavorable decision dated November 19, 2008, finding that D.M.B. was not disabled within the meaning of the Act (Tr. 11-21).  The Appeals Council declined Plaintiff's Request for Review by Notice dated May 11, 2009, making it the Final Decision of the Commissioner (Tr. 4–6).  On October 16, 2009, Plaintiff brought the instant action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner denying D.M.B. benefits under the Act.[2]

## II.  FINDINGS OF ADMINISTRATIVE LAW JUDGE

In determining whether a child is disabled under the meaning of the Act, a three-step evaluation is employed by which the Commissioner determines: (1) whether the child is engaged in substantial gainful activity; (2) whether the child has an impairment that is "severe;" and (3) whether the child's impairment is medically or functionally equivalent in severity to the impairments listed in the disability regulations. *Swist ex rel. Green v. Barnhart*, 177 Fed. App'x. 414 (5th Cir. 2006) (citing *Moore v. Barnhart*, 413 F.3d 718, 721 (8th Cir. 2005) and 20 C.F.R. § 416.924).  For the third inquiry, the ALJ must consider whether the applicant's impairments result in a marked limitation in two domains or an extreme limitation in one domain of the following six domains of functioning: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1).

In this case, the ALJ found that D.M.B. had attention deficit hyperactivity disorder, mood disorder, rule out bipolar disorder, and morbid obesity, but none of D.M.B.'s impairments, either alone or in combination with any other impairment, met or medically equaled, or functionally equaled, any impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (Tr. 17).  With respect to the

---

[2]On September 17, 2009, Plaintiff was granted an extension to file a civil action (Tr. 1). Thus, this action is timely.

evaluation of D.M.B.'s impairments for functional equivalence of a Listing, the ALJ determined that

D.M.B. failed to demonstrate either a marked limitation in two domains or an extreme limitation in

one domain (Tr. 18-20).  Rather, the ALJ found that D.M.B. had a less-than-marked limitation in the

domains of attending and completing tasks or health and physical well-being, and no limitation in

the areas of acquiring and using information, interacting and relating with others, moving about and

manipulating objects, and caring for herself (Tr. 18-20).  In accordance with these findings, the ALJ

determined that D.M.B. is not disabled under the Act (Tr. 20).

## III.  ISSUES BEFORE THE COURT

Plaintiff contends that this case should be remanded because: (1) the ALJ gave inadequate

notice of the right to counsel at the hearing; (2) the ALJ failed to consider the impact of obesity on

the ability to function in terms of "moving about and manipulating objects" and "health and physical

well-being;" and (3) the ALJ's findings regarding the six domains of functioning is not supported

by substantial evidence.

## IV.  STANDARD OF REVIEW

In Social Security disability appeals, the limited role of the reviewing court, as dictated by

42 U.S.C. § 405(g), is to determine whether the Commissioner's decision is supported by substantial

evidence on the record as a whole and whether the Commissioner applied the proper legal standard.

*Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.

1995).  "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion."  *Villa v. Sullivan*,

895 F.2d 1019, 1021–22 (5th Cir. 1990) (quoting *James v. Heckler*, 707 F.2d 162, 164 (5th Cir.

1983)).  Courts weigh four elements of proof when determining whether there is substantial evidence

of a disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining

physicians; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's age,

education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995). However, the

reviewing court cannot re-weigh the evidence, but may only scrutinize the record to determine

whether it contains substantial evidence to support the Commissioner's decision. *Leggett v. Chater*,

67 F.3d 558, 564 (5th Cir. 1995). "The Commissioner, rather than the courts, must resolve conflicts

in the evidence." *Martinez*, 64 F.3d at 174. If supported by substantial evidence, the

Commissioner's findings are conclusive and are to be affirmed. *Crowley v. Apfel*, 197 F.3d 194, 197

(5th Cir. 1999). A finding of no substantial evidence is appropriate only if no credible evidentiary

choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343–44

(5th Cir. 1988).

## V.  ANALYSIS

**A.     Did the ALJ err in the way he notified Plaintiff of the right to counsel?**

Simeon first argues that this case should be remanded because the ALJ gave inadequate

notice of the right to counsel at the hearing. Simeon believes that the ALJ did not adequately advise

Simeon how an attorney could aid in the proceedings, or how to find an attorney who would

represent a child, such that her waiver of the right to counsel was ineffective.

The Commissioner responds by first arguing that Plaintiff made a knowing and informed

waiver of her right to counsel. In support, the Commissioner shows that Plaintiff was informed in

writing, three times, of her right to an attorney or other representative at the hearing—in the Notice

of Reconsideration; in the form Plaintiff completed to request a hearing before an ALJ; and in

correspondence explaining the hearing process that the Commissioner sent on August 13, 2007,

months in advance of her hearing (Tr. 60, 62, 64). Additionally, the Commissioner points out how

the ALJ reminded Plaintiff of her right to representation at the outset of the hearing, but she clearly

stated that she wished to proceed without a representative (Tr. 25).  The Commissioner also argues

that, even assuming the notice was inadequate, Plaintiff cannot show prejudice from the allegedly

invalid waiver of her right to representation.

"[A] claimant who does not validly waive his right to counsel must prove that he was

prejudiced thereby in order to merit reversal of the ALJ's decision." *Brock v. Chater*, 84 F.3d 725,

729 n.1 (5th Cir. 1996).  To demonstrate prejudice, Plaintiff needs to point to some evidence that

would have been properly adduced at the hearing that could have changed the outcome had she been

represented by counsel. *Id.*  As was the case in *Brock*, Plaintiff here points to no evidence that meets

this requirement.  Thus, even assuming that Plaintiff did not validly waive her right to counsel

(which does not appear to be the case) her lack of representation does not require reversal. *See id.*

at 729 ("[The Court] will not reverse the decision of an ALJ for lack of substantial evidence where

the claimant makes no showing that he was prejudiced in any way by the deficiencies he alleges.").

**B.      Did the ALJ fail to consider the impact of obesity on D.M.B.'s ability to function?**

Plaintiff next argues that the ALJ failed to consider the impact of D.M.B.'s obesity on her

ability to function, particularly in terms of the domains of "moving about and manipulating objects,"

and "health and physical well being," and this error requires remand.  The undersigned disagrees.

In regard to the domain of "moving about and manipulating objects," the ALJ did consider

the impact of obesity and still found that D.M.B. had no limitation in this domain. "Although the

claimant has been diagnosed with morbid obesity and asthma, there is no evidence in the record that

indicates that these impairments result in any difficulty in moving about or manipulating objects."

(Tr. 19).  As for the domain of "health and physical well being," the ALJ also considered the impact

of obesity and found less than marked limitation in this domain.  "Although the claimant has been

diagnosed with morbid obesity and asthma, there is no evidence in the record to that indicates that

these impairments cause marked physical limitations." (Tr. 20). Thus, despite Plaintiff's assertions to the contrary, the ALJ did consider the impact of D.M.B.'s obesity on her ability to function and found that there was no evidence to support greater limitations. Notably, Plaintiff does not cite to any specifics in the objective record concerning D.M.B.'s alleged inability to function in these domains that could support greater limitations than those found by the ALJ, and that could in turn support a disability finding. Accordingly, this issue is not grounds for remand.

**C.    Are the ALJ's findings regarding the six domains of functioning supported by substantial evidence?**

Plaintiff's final argument, according to her statement of the issue, is that "[s]ubstantial medical evidence does not support the Commissioner's finding in regard to residual functional capacity." Plaintiff then goes on to list a myriad of reasons why remand is required, often times burying these reasons in pages of single-spaced type. *See* Plaintiff's Brief at 7–12. This presentation of her argument violates the Court's briefing order in many respects, and therefore, each alleged error by the ALJ will not be specifically addressed. However, the real issue is whether substantial evidence supports the ALJ's findings in regard to the six domains of functioning, as this is what D.M.B.'s disability claim turns on, and it appears that this is what Plaintiff intended to argue despite the less-than-clear presentation of her argument and statement of the issue.

On this question, the Court finds that substantial evidence supports the ALJ's findings. Such evidence includes records from Asif Siddiqui, M.D., who performed a Mental Status Exam of Claimant in March 2007 (Tr. 208-209); a childhood disability evaluation form, in which the state agency's reviewing physicians found no limitation in D.M.B.'s domain evaluation areas of acquiring and using information, moving about and manipulating objects, and caring for oneself, and less-than-marked limitation in the areas of attending and completing tasks, interacting and relating with others, and health and physical well-being (Tr. 226-231); and a February 2007 School Activity

Report from D.M.B.'s math teacher, who reported that D.M.B. "conducts her daily activities as a normal student with no limitations," "functions on grade level with no modifications," and is a "[r]espectful student that follows instructions from teachers." (Tr. 98-99).  Additionally, there is the testimony from D.M.B. that she likes to read, write, and go to the movies and the mall with her friends (Tr. 29-30, 39).  A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision.  *Johnson v. Bowen*, 864 F.2d 340, 343–44 (5th Cir. 1988).  Here, there is substantial evidence to support the ALJ's finding that D.M.B.'s conditions failed to meet, medically equal, or functionally equal a Listing.  Accordingly, the Commissioner's decision will be affirmed.

## VI.  CONCLUSION

In light of the foregoing, the undersigned Magistrate Judge **AFFIRMS** the final decision of the Commissioner and **ENTERS JUDGMENT** in favor of the Defendant.

SIGNED this 25th day of May, 2010.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE